IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CYNTHIA ALLEN,<br>    *Plaintiff*,<br><br>v.<br><br>MIDSOUTH BANK, N.A.,<br>ALEX CALICCHIA, and<br>MICHAEL LEA,<br>    *Defendants*. | §<br>§<br>§<br>§    CIVIL ACTION NO. 4:12-cv-01618<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS,
<u>OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants MidSouth Bank, N.A. ("MidSouth"), Alex Calicchia ("Calicchia"), and Michael Lea ("Lea") (MidSouth, Calicchia, and Lea are collectively "Defendants") move to dismiss the Cynthia Allen's ("Plaintiff" or "Allen") claims under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, for failure to state a claim upon which relief can be granted, or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56 (the "Motion"), because Plaintiff has failed to plead and cannot demonstrate as a matter of law that she was a covered employee under the FMLA at the time of acts of which she complains in her Complaint.

**I.
<u>INTRODUCTION</u>**

1. Plaintiff Cynthia Allen ("Allen") was employed by MidSouth from approximately August 21, 2007, until approximately June 22, 2009. (*See* Compl. ¶¶s 10, 48(e)). Allen alleges that the Defendants violated the FMLA when they "engaged in a campaign" to "transfer [her] job to the Lafayette Louisiana area" during the first half of 2009 (*see* Compl. ¶¶s 50-53) and that she was an employee "within the meaning of the [FMLA]" during this time period. (*See* Compl. ¶

3). Allen's conclusory allegation that she was an employee "within the meaning of the [FMLA]" does not satisfy the pleading standard described by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Thus, Allen's Complaint fails to state a claim upon which relief may be granted. Moreover, as a matter of law, at the time of the acts of which she complains, she was not a covered employee under the FMLA. Accordingly, her claims under the FMLA should be dismissed with prejudice or summary judgment should be granted in favor of Defendants.

## II.
## DISCUSSION

### A. The Legal Standard for a Rule 12(b)(6) Motion.

2. Under Federal Rule of Civil Procedure 12(b)(6), this Court may grant a motion to dismiss if the Complaint "fail[s] to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). In analyzing this Motion, the Court must be guided by the Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). These cases govern the pleading standard "in all civil actions and proceedings in the United States District Courts." *Iqbal*, 129 S. Ct. at 1953.

3. Under *Twombly* and *Iqbal*, to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations which, accepted as true, "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (*quoting Twombly*, 550 U.S. at 570.) To be plausible on its face, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Dismissal is appropriate if the "allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact.)" *Twombly*, 550 U.S. at 555. "A plaintiff's obligation to provide

2

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A court must analyze whether the non-conclusory factual allegations, if taken as true, set forth facts sufficient to allege each element of the claim and establish a plausible claim for relief. *Iqbal*, 192 S.Ct. at 1950.

4. In ruling on a Rule 12(b)(6) motion to dismiss, the Court must consider only the allegations in the Complaint, documents attached to the motion that are referenced in the Complaint and central to the claims, and documents in the public record of which the Court can take judicial notice. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005). If a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper. *Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008).

5. If the Court considers extrinsic evidence attached to the Motion but neither referenced in the Complaint, nor central to the claims, nor within the public record, then the Court may in its discretion treat the motion as one for summary judgment under Rule 56. FED. R. CIV. P. 12(d). Summary judgment is proper when the evidence shows that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

### B. The FMLA Definition of Employee.

6. The FMLA provides for employer liability for an "eligible employee" who can prove a violation of the statute. *See* 29 U.S.C. § 2617. The FMLA defines an "eligible employee" as "an employee who has been employed (i) for at least 12 months by the employer with respect to whom leave is requested under [the FMLA]; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." *See* 29 U.S.C. § 2611(A).

The FMLA further provides that the term "eligible employee" does not include certain individuals, including "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." *See id.* at § 2611(B)(ii).

**C. The Complaint Does Not Allege Facts to Support the Conclusion that Allen is an "Eligible Employee" Under the FMLA.**

7. Allen's Complaint alleges that the Defendants violated the FMLA when they "engaged in a campaign" to "transfer [her] job to the Lafayette Louisiana area" during the first half of 2009 (*see* Compl. ¶¶ 50-53), and that she was an employee "within the meaning of the [FMLA]" during that time frame. (*See* Compl. ¶ 3). This allegation about her status as an employee eligible to sue under the FMLA notably omits any statement regarding her service in the preceding year, the number of employees employed by MidSouth at her worksite during that time frame, or whether MidSouth had 50 or more employees employed within a 75 mile radius of her worksite during that time frame. (*Id.*) Thus, Plaintiff's allegation fails to make a factual allegation sufficient to support her allegation that she is an "eligible employee" under the FMLA during the relevant time frame. Her allegation does not satisfy the pleading standard established in *Twombly* and *Iqbal*. *See Iqbal*, 192 S.Ct. at 1950 (requiring a complaint to set forth facts sufficient to allege each element of the claim) and *Minard v. ITC Deltacom Communications, Inc.*, 447 F.3d 352, 357 (5th Cir. 2006) (concluding that the threshold number of employees for application of the FMLA is an element of the plaintiff's claim for relief). Because Plaintiff fails to allege facts supporting the FMLA's application to her, her claims under the FMLA should be dismissed for failure to state a claim upon which relief may be granted. *See Clements v. Housing Auth.*, 532 F. Supp. 2d 700, 710 (D.N.J. 2007) ("If a plaintiff cannot show that her

employer employs the requisite minimum number of employees, dismissal of an FMLA claim is proper.").

**D.  Allen Was Not a Covered Employee Under the FMLA During the First Half of 2009.**

8.  Moreover, the Complaint should be dismissed with prejudice because any amendment to cure this failure would be futile.[1] Alternatively, summary judgment for Defendants should be granted on Allen's FMLA claims because, as a matter of law, she was not a covered employee under the FMLA during the first two quarters of 2009, which is the time frame she alleges a violation of the FMLA. (*See* Compl. ¶¶s 50-53.) During the entirety of her employment at MidSouth, Allen worked out at a worksite (the "Beltway 8 Worksite") where MidSouth employed less than 50 employees, and the total number of employees employed by MidSouth within 75 miles of the Beltway 8 Worksite was less than 50. *See* 29 U.S.C. at § 2611(B)(ii).

9.  MidSouth's Multiple Work Site Reports for the first two quarters of 2009 demonstrate the number of employees on its payroll in each worksite location for the pay period at the end of each quarter. (*See* Exhibits "A" and "B" to the Declaration of Sara Huval ("Huval Dec.") attached hereto and incorporated herein as Exhibit 1.) *See Clements*, 532 F. Supp. 2d at 705 (relying on state agency payroll reports to determine the number of employees for purposes of dismissing plaintiff's FMLA claims); *Nedvekas v. LTV Cooperweld*, 356 F. Supp. 2d 904, 910 (N.D. Ill. 2005) (adopting the "payroll method" to determine the number of employees for purposes of FMLA coverage).

---

[1]  To amend the Complaint to allege that MidSouth had 50 or more employees employed at the worksite at which she was employed (the " Beltway 8 Worksite") or employed within 75 miles of the Beltway 8 Worksite during the relevant time period, Plaintiff would have to certify to the Court that this factual allegation either had evidentiary support or would likely have evidentiary support after a reasonable opportunity for further investigation or discovery. FED. R. CIV. P. 11(b)(3). Given the conclusive evidence of the number of employees on MidSouth's payroll at the relevant time, Plaintiff could not make such a pleading in good faith.

10. During the entirely of her employment with MidSouth, Allen worked at the Beltway 8 Worksite in Houston, Texas, which was located at 2930 W. Sam Houston Pkwy N., Suite 150, Houston, Texas 77043 (Huval Dec. at ¶ 4). During the first and second quarters of 2009, MidSouth had two additional locations within a 75-mile radius of the Beltway 8 Worksite, both of which were located in Conroe, Texas. (*Id.* at ¶ 5). For the pay period at the end of the first quarter of 2009, MidSouth employed twenty (20) workers in these three locations. (*Id.*) For the pay period at the end of the second quarter of 2009, MidSouth employed twenty-three (23) workers in these three locations. (*Id.*) Thus, in the first two quarters of 2009, MidSouth employed less than 50 employees at its Beltway 8 Worksite, and it did not employ 50 or more workers within a 75-mile radius of the Beltway 8 Worksite at which Allen worked. (*See id.*) Allen cannot show, therefore, that she was a covered employee under the FMLA and cannot maintain an FMLA claim in this matter against any of the Defendants. *See Minard*, 447 F.3d at 357 (concluding that the threshold number of employees for application of the FMLA is an element of a plaintiff's claim for relief).

## III.
## CONCLUSION

11. For the reasons set forth herein, Defendants respectfully requests that the Court dismiss Allen's claims under the FMLA with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, or, alternatively, grant summary judgment in their favor and grant them such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

OF COUNSEL:

Pamela B. Linberg
Texas Bar No. 00793299
Southern District No. 23981
linbergp@jacksonlewis.com
JACKSON LEWIS LLP
Wedge International Tower
1415 Louisiana, Suite 3325
Houston, Texas 77002
Telephone: (713) 568-7871
Facsimile: (713) 650-0405

By: /s/ *Teresa S. Valderrama*
Teresa S. Valderrama
Texas Bar No. 20422500
Southern District No. 10687
JACKSON LEWIS LLP
Wedge International Tower
1415 Louisiana, Suite 1325
Telephone: (713) 568-7868
Facsimile: (713) 650-0405
valderrt@jacksonlewis.com

ATTORNEY IN CHARGE FOR DEFENDANTS
MIDSOUTH BANK, N.A., ALEX CALICCHIA,
AND MICHAEL LEA

## CERTIFICATE OF SERVICE

I certify that I filed the *Defendants' Rule 12(b)(6) Motion to Dismiss, or Alternatively, Motion for Summary Judgment* in accordance with the protocols for e-filing in the United States District Court for the Southern District of Texas, Houston Division, on August 23, 2012, and has been served on Plaintiff's attorney of record, Derrick D. King, Law Office of Derrick D. King, 6260 Westpark Dr., Suite 231, Houston, Texas 77057, in accordance with the Court's e-filing protocols.

/s/ *Teresa S. Valderrama*
Teresa S. Valderrama