IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CYNTHIA ALLEN,                      §
                                    §
            Plaintiff,              §
                                    §
VS.                                 §   CIVIL ACTION H-12-1618
                                    §
MIDSOUTH BANK, ALEX CALICCHIA,      §
and MICHAEL LEA,                    §
                                    §
            Defendant.              §

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, alleging employment discrimination based on gender and pregnancy[1] under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.,* and violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2615, is Defendants MidSouth Bank ("MidSouth"), Alex Calicchia, and Michael Lea's motion to dismiss or, alternatively, motion for [partial] summary judgment (instrument #5) on the grounds that Plaintiff Cynthia Allen has failed to, and cannot, demonstrate as a matter of law that she was an "eligible employee" under the FMLA at the time of the acts of which she complains.

---

[1] The Pregnancy Discrimination Act of 1978 "'amended Title VII by explicitly including discrimination based on pregnancy and related medical conditions within the definition of sex discrimination.'" *Gerdin v. CEVA Freight, LLC*, ___ F. Supp. 2d ___, Civ. A. No. H-11-3567, 2012 WL 5464966, *2 (S.D. Tex. Nov. *, 2012), *quoting Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 859 (5th Cir. 2002).

-1-

After Defendants filed their motion, Plaintiff filed an amended complaint (#8), which modified some of the statements made in the earlier one, at least in part to echo the statutory definitions of "employer" and "eligible employee" in the FMLA, a requirement for a *prima facie* showing for an FMLA violation or retaliation claim under the statute.  The Court will address the amended pleading with respect to arguments in Defendants' motion, focusing on the issue of whether MidSouth Bank is a "covered employer" and Plaintiff is an "eligible employee" within the meaning of the FMLA.

**Standards of Review**

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted).   "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").   "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5ᵗʰ Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).   Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'" *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.   "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b).  *Iqbal*, 129 S. Ct. at 1949.

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents

attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994). *See also United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken").

"Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief . . . ." *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006), *cert. denied*, 549 U.S. 825 (2006).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is also "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom. Cloud v. United States*, 536 U.S. 960 (2002), *cited for that proposition in Baisden v. I'm Ready Productions*, No. Civ. A. H-08-0451, 2008 WL 2118170, *2 (S.D. Tex. May 16, 2008). *See also ASARCO LLC v. Americas Min. Corp.*, 382 B.R. 49, 57 (S.D. Tex. 2007)("Dismissal "'can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" [citation omitted]), *reconsidered in other part*, 396 B.R. 278 (S.D. Tex. 2008).

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  A dispute of material fact is "genuine" if the evidence would allow a reasonable jury to find in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Initially the movant bears the burden of identifying those portions of the pleadings and discovery in the record that it finds demonstrate the absence of a genuine issue of material fact on which movant bears the burden of proof at trial; the movant may, but is not required to, negate elements of the nonmovant's case to prevail on summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 885 (1990); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998).

If the movant meets its burden and points out an absence of evidence to prove an essential element of the nonmovant's case on which the nonmovant bears the burden of proof at trial, the nonmovant must then present competent summary judgment evidence to support the essential elements of its claim and to demonstrate that there is a genuine issue of material fact for trial. *National*

*Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d 698, 712 (5th Cir. 1994).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex*, 477 U.S. at 323.  The nonmovant may not rely merely on allegations, denials in a pleading or unsubstantiated assertions that a fact issue exists, but must set forth specific facts showing the existence of a genuine issue of material fact concerning every element of its cause(s) of action. *Morris v. Covan World Wide Moving, Inc,*, 144 F.3d 377, 380 (5th Cir. 1998).  Conclusory allegations unsupported by evidence will not preclude summary judgment. *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 713; *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).  "Nor is the 'mere scintilla of evidence' sufficient; 'there must be evidence on which the jury could reasonably find for the plaintiff.'" *Id., quoting Liberty Lobby*, 477 U.S. at 252.

The court must consider all evidence and draw all inferences from the factual record in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 712-13.

**Substantive Law**

The FMLA provides for two types of claims: entitlement or interference claims under 29 U.S.C. § 2615(a)(1) and retaliation

claims under 29 U.S.C. § 2615(a)(2).  *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999).  The first provides substantive rights while the other prohibits penalizing an employee for exercising those rights.  *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757, 763 (5th Cir. 2002).

In the first category, 29 U.S.C. § 2612(a)(1)(D) of the FMLA permits individuals who work for covered employers to take temporary leave, up to twelve weeks during any twelve-month period, for a "serious medical condition" that makes them "unable to perform the functions of [their] position."  A "serious medical condition" requires "either inpatient care in a medical care facility or continuing treatment by a health care provider."  *Oswalt v. Sara Lee Corp.*, 74 F.3d 91, 92 (5th Cir. 1996), *citing* 29 U.S. C. § 2611(11).  Generally the employer must provide the returning employee with the same position he had or with "'an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.'"  *McArdle*, 293 Fed. Appx. at 334, *citing* 29 U.S.C. § 2614(a)(1).  If the employer fails to do so, the employee has right to bring an entitlement claim under 29 U.S.C. § 2615(a)(1).  *Id., citing Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004).

An employer is prohibited from discriminating against

employees who have taken FMLA leave, 29 U.S.C. § 2615(a)(1)-(2)[2]; 29 C.F.R. 825.220. It is unlawful for an employer to interfere with, restrain or deny the exercise of or the attempt to exercise any right provided under the FMLA. 29 U.S.C. § 2615(a)(1). "Interference" is not defined in the statute, but Department of Labor regulations state, "Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220.

The FMLA applies to private-sector employers with fifty or more employees. 29 U.S.C. § 2611(4)(A)(i).[3] To be eligible for

---

[2] Section 2615(a) provides in relevant part,

(1) It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

(2) It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

Section 2615(a)(2) prohibits discrimination or retaliation against an employee for exercising his rights under the statute. *Bell v. Dallas County*, No. 10-10317, 2011 WL 2672224, * (5th Cir. July 8, 2011), *citing Hunt v. Rapides Healthcare Sys., L.L.C.*, 277 F.3d 757, 763 (5th Cir. 2001).

[3] Section 2611(4) in relevant part provides,

(4) Employer

(A) In general

The term "employer"--

FMLA leave, an employee must have worked for the covered employer for at least 1250 hours during the last twelve months. 29 U.S.C. § 2611(2).[4]  *Hunt v. Rapides Healthcare System, LLC*, 277 F.3d 757,

---

> (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;
>
> (ii) includes-
>
> (i) any person who acts, directly or indirectly, in the interest of an employer or to any employees of such employer . . . .

Defendant Michael Lea was Plaintiff's direct supervisor and Defendant Alex Colicchia was Lea's direct supervisor.  Thus both might constitute "employers" under the FMLA if other requirements were met.

[4] Section 2611(2) in relevant part defines "eligible employee":

> (2) Eligible employee
>
> (A) In general-
>
> The term "eligible employee" means an employee who has been employed-
>
> > (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and
> >
> > (ii) for at least 1,250 hours of service with such employer during the previous 12-month period.
>
> (B) Exclusions
>
> The term "eligible employee" does not include . . .

763 (5th Cir. 2002).

**Relevant Factual Allegations in First Amended Complaint**

Plaintiff began working for MidSouth on or about August 21, 2007 and was discharged on or about June 22, 2009. She conclusorily states that at all relevant times she was an "employee" and MidSouth was an "employer" within the meaning of Title VII and the FMLA. She asserts that MidSouth employed more than 50 employees for each working day during each of 20 or more workweeks in 2008, that she was employed for at least twelve months and for at least 1,250 hours of service during the twelve-month period immediately preceding the commencement of her leave, and that she was employed at a work site where 50 or more employees were employed by the employer within 75 miles of that work site, as required by 29 U.S.C. § 2611(2).

Plaintiff was notified on July 23, 2008 that as of August 21, 2008 she would be eligible for FMLA leave status. Ex.2, Letter from MidSouth Plaintiff. Exhibit 3, an earlier letter dated June 20. 2008, provided her with forms and information about MidSouth's FMLA policy. She maintains, "Based on this letter [Ex. 2], the employer clearly has established that they were an employer in

_____

(ii) any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by the employer within 75 miles of that worksite is less than 50.

-10-

accordance with the provisions establishing the contours of the Family Medical Leave Act." Having suffered a miscarriage previously, Plaintiff used her FMLA time for pregnancy-related matters intermittently after August 21, 2008 and began taking an extended FMLA leave on January 30, 2009 to give birth to a child. She returned to work on March 13, 2009. Plaintiff claims that she had previously complained to Defendants about discrimination based on her gender and on her exercise of her rights under the FMLA. After she returned from her leave, Defendants "manipulated" her job by transferring it to Louisiana in violation of the FMLA. When she was unable to relocate, they gave her an inferior position, and on June 22, 2009 she was terminated.

**Defendants' Motion**

Defendants moved to dismiss the First Complaint because Plaintiff did not allege facts to support her claim that she was an "eligible employee" under the FMLA, an element of a prima facie showing for an FMLA violation or retaliation. 29 U.S.C. § 2617. Furthermore, they contend that amendment would be futile because, as a matter of law, she was not a covered employee during the first two quarters of 2009, the time frame in which she alleges violation of the FMLA, because she worked at the "Beltway 8 Worksite," where MidSouth employed less than 50 employees and the total number of employees employed by MidSouth within 75 miles of that worksite was less than 50. Defendants attach copies of MidSouth's Multiple Work

Site Reports for the first 2 quarters of 2009, Exhibits A & B to the Declaration of Sara Huval (Exhibit 1).  Defendants cite *Clements v. Housing Auth. of the Borough of Princeton*, 532 F. Supp. 2d 700, 705 (D.N.J. 2007)(using state agency payroll reports to demonstrate the number of employees for purposes of dismissing FMLA claims); *Nedzvekas v. LTV Copperweld*, 356 F. Supp. 2d 904, 910 (N.D. Ill. 2005)(adopting "payroll method" [whether the employer has an employment relationship with the employee as demonstrated most readily by the employee's appearance on the payroll at the time in question[5]] to determine the number of employees for purposes of FMLA coverage).  They report that for the pay period at the end of the first quarter of 2009, MidSouth had a total of twenty employees in Plaintiff's worksite and two other worksites within a 75-mile radius of it, and twenty-three for the second quarter.  Thus Plaintiff cannot show she was an eligible employee within the meaning of the statute and thus cannot maintain an FMLA claim against any of the Defendants.

**Plaintiff's Response (#9)**

Plaintiff insists her First Amended Complaint provides facts and cures the pleading deficiencies of the Original Complaint.

Moreover, Plaintiff emphasizes that Defendants notified her that she had been approved for FMLA beginning on August 21, 2008,

---

[5] *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 206 (1997).

as evidenced by Exhibits 1 and 2.

Finally, she quotes 29 C.F.R. § 825.119(d) and (e):

(d) The determination of whether an employee has worked
for the employer for at least 1,250 hours in the past 12
months and has been employed by the employer for a total
of at least 12 months must be made as of the date the
FMLA leave is to start.  An employee may be on "non-FMLA
leave" at the time he or she meets the eligibility
requirements, and in that event, any portion of the leave
taken for an FMLA-qualifying reason after the employee
meets the eligibility requirement would be "FMLA leave."
(See § 825.300(b) for rules governing the content of the
eligibility notice given to employees.)

(e) Whether 50 employees are employed within 75 miles to
ascertain an employee's eligibility for FMLA benefits is
determined when the employee gives notice of the need for
leave.  Whether the leave is to be taken at one time or
on an intermittent or reduced leave schedule basis, once
an employee is determined eligible in response to that
notice of the need for leave, the employee's eligibility
is not affected by the subsequent change in the number of
employees employed at or within 75 miles of the
employee's worksite, for that specific notice of the need
for leave.  Similarly, an employer may not terminate
employee leave that has already started if the employee-
count drops below 50.  For example, if an employer
employs 60 employees in August, but expects that the
number of employees will drop to 40 in December, the
employer must grant FMLA benefits to an otherwise
eligible employee who gives notice of the need for leave
in August for a period of leave to begin in December.

Plaintiff contends that her FMLA eligibility was determined not in

2009, but 2007 or 2008.  Without citing any authority, she claims

she was eligible because her employer waived any assertions to the

contrary with its letter as of August 21, 2008.

**Defendant's Reply (#12)**

Even though Plaintiff's amended complaint "greatly expands the

allegations supporting her FMLA claim" and "increased the time

period relevant to this claim," it contains no factual support for her claim that she is an "eligible employee" under the statutory definition.   Her conclusory statements will not defeat a Rule 12(b)(6) motion because Defendants' evidence shows that she was not employed at a worksite with fifty employees nor within seventy-five miles of the worksite.   29 U.S.C. § 2611(B)(ii).

Even if the Court finds that the First Amended Complaint did cure her failure to plead FMLA eligibility, Defendants' alternative motion for summary judgment with sworn admissible evidence attached showing that she was not an eligible employee during the acts alleged in the Original Complaint should prevail.   Defendants now supplement their Reply with the Second Declaration of Sara Huval (Ex. 1 to #12 at ¶¶ 2-10), which addresses the number of employees in the relevant area for the second through the fourth quarter of 2008, i.e., the expanded time frame of the amended FMLA allegations, and shows Plaintiff was not an eligible employee then. *Minard v. ITC Deltacom Communications, Inc.*, 447 F.3d 352, 357 (5th Cir. 2006)(threshold number of employees for eligibility under the FMLA is an element of plaintiff's claim for relief).

As for the two MidSouth letters sent to Plaintiff during the summer of 2008, without citing any authority Defendants maintain that the grant of FMLA leave does not impart FMLA eligibility nor bar Defendants' request for judgment on the pleadings or summary judgment.

-14-

**Plaintiff's Reply (#13} to Defendants' Reply**

Plaintiff reiterates her claim that she has stated sufficient facts that if taken as true, entitle her to relief.  She objects to Huval's Second Declaration, without explanation, as "conclusory, misleading, ambiguous, not verifiable, and . . . therefor unreliable and amounts to nothing but mere hearsay."  She requests discovery to determine the reliability of Defendants' employment numbers.

**Court's Decision**

The Court agrees that the First Amended Complaint fails to state facts that support Plaintiff's conclusory statements that Defendants are "covered employers" and she is an "eligible employee" as defined by the FMLA.  Nevertheless, even though Defendants cite *Millard*, 447 F. 3d 352, several times in their brief for their definitions of "eligible employee" and "employer" under the FMLA, they fail to report its central issue, which is directly on point here.

In *Minard*, Plaintiff Melissa Minard requested FMLA leave for surgery to treat a serious medical condition from her employer, ITC Deltacom Communications ("ITC"), which grated her request in a written memorandum that specifically stated the she was an "eligible employee" and had a "right under the FMLA for up to 12 weeks of unpaid leave in a 12-month period."  447 F.3d at 354. After her surgery, ITC discovered that Minard was not an "eligible

employee" at that time because she worked at a site that had less than 50 employees and there were not 50 employees of ITC within 75 miles of the site at which she was employed. *Id.* Minard took the leave, but on the day she was scheduled to return to work, ITC terminated her employment instead of returning her to her former or equivalent position, as required by the FMLA. *Id.* Minard amended her complaint to assert in the alternative that ITC was equitably estopped to deny that she was an eligible employee because she relied to her detriment on IRC's representation that she was at that time eligible for leave under the FMLA. *Id.*

The Fifth Circuit reversed the district court's grant of summary judgment in favor of the employer and remanded the case for further proceedings. Finding that the requirements for an "eligible employee" are a substantive element of a plaintiff's claim for relief and not a jurisdictional limitation, 447 F.3d at 356-57, the Fifth Circuit further found that the doctrine of equitable estoppel applied based on the facts of the case. *Id., citing Restatement (Second ) of Torts* § 894(1)(1979). It concluded, *id.* at 359,

> Accordingly, an employer who without intent to deceive makes a definite but erroneous representation to the employee that she is an "eligible employee" and entitled to leave under FMLA, and has reason to believe that the employee will rely upon it, may be estopped to assert a defense of non-coverage, if the employee reasonably relies on that representation and takes action thereon to her detriment.

Thus through pleading and providing the two letters from

MidSouth acknowledging Plaintiff eligible employment status to take FMLA leave, Plaintiff has raised a genuine issue of material fact regarding whether Defendants should be estopped from claiming that she was an eligible employee during the relevant period.

Accordingly, the Court

ORDERS that Defendants' Rule 12(b)(6) motion to dismiss or, alternatively, motion for summary judgment (#5) is DENIED.

**SIGNED** at Houston, Texas, this _25th_ day of _February_, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

-17-